UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DIRUBY FOSTER,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondant.

    Case No. 02-80616 and 06-11866

    **HONORABLE DENISE PAGE HOOD**

_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

**I. INTRODUCTION**

On October 2, 2003, Petitioner, Diruby Foster, pursuant to a plea agreement with the Government under Federal Rules of Criminal Procedure Rule 11, pled guilty to a three count Superseding Indictment of (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Pursuant to this agreement, the Government agreed to dismiss the third count of the indictment and agreed that Petitioner could appeal the denial of the Motion to Suppress. The Court sentenced Petitioner to 320 months incarceration on February 5, 2004. Petitioner filed a Notice of Appeal on the same date. On April 14, 2005 the Sixth Circuit affirmed the Court's Order denying the Motion to Suppress and affirmed Petitioner's conviction. On May 11, 2005 the United States Supreme Court denied Petitioner's Petition for writ of certiorari. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on April 20, 2006. The Government filed a

Response on May 30, 2006.

## II. STANDARD OF REVIEW

Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence: whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). "To warrant relief under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## III. APPLICABLE LAW & ANALYSIS

Petitioner challenges his plea agreement as being invalid due to ineffective assistance of counsel. Specifically, Petitioner alleges that counsel was ineffective because he failed to explain to Petitioner the consequences of the plea, and failed to investigate Petitioner's mental state at the time of his plea. Petitioner also alleges that the court failed to address issues of coercion. As a result of counsel's alleged ineffective assistance, Petitioner argues that the plea is invalid because he did not enter into the agreement voluntarily and knowingly. Petitioner also alleges that the plea is invalid due to his counsel's failure to inform him that he had an affirmative defense for trial.

The Court has reviewed Petitioner's Motion and the Government's Response and finds that Petitioner's arguments are without merit. First, Petitioner asserts that his counsel rendered ineffective assistance. In order for Petitioner to demonstrate ineffective assistance of counsel, his counsel's performance must have been (1) outside the range of competence demanded of attorneys in the criminal context, and (2) the performance must have unreasonably prejudiced Petitioner.

*Strickland v. Washington*, 446 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court noted that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence...." *Strickland*, 466 U.S. at 689. Petitioner in the present case alleges that his counsel failed to inform him of the nature of the charges against him. In addition, Petitioner claims that his counsel failed to investigate Petitioner's mental state at the time of the plea agreement, which would have demonstrated that Petitioner was under extreme distress. Petitioner also alleges that the Court failed to address the concerns of coercion, understanding of the charges, and understanding of plea consequences, which requires an automatic reversal of his conviction. (Def.'s Mot. To Vacate at 7-9).

Petitioner's allegations are not supported by the transcript of the plea hearing. At the plea, Petitioner stated he was able to read the Indictment and Plea Agreement and had done so. (Plea Hr'g Tr. at 6). In addition, he stated that he was aware of and understood the charges against him. *Id.* at 10. Petitioner's mental state, which consisted of a bipolar disorder and post-stress syndrome, was also discussed during the plea hearing, where Petitioner states that the fact that he had not had his medication for two days would not affect his ability to understand the proceedings. *Id.* at 7. Petitioner also stated that he was satisfied with his counsel's advice and service. *Id.* at 8.

Petitioner fully understood the charges against him, pled guilty after being fully apprised of the consequences of his plea, and showed no confusion or mental distress in his exchanges with the Court. Additionally, Petitioner alleges that he was coerced into pleading guilty and that the Court failed to address this issue. During the plea hearing Petitioner stated (1) that he was not forced to plead guilty and (2) that no one close to him was threatened to force him into entering the guilty plea. (Plea Hr'g Tr. at 14). The Court also asked Petitioner if he was pleading guilty freely and

voluntarily, to which he replied in the affirmative. *Id.* The Court has complied with the requirements of Federal Rules of Criminal Procedure 11(b) by ensuring that Petitioner understood the charges against him and that his guilty plea was free of coercion.

Finally, Petitioner asserts that his counsel was ineffective because counsel failed to inform Petitioner that he had an affirmative defense for trial. Petitioner's counsel did inform him of the affirmative defense as it was the subject of Petitioner's Motion to Suppress which was denied by the District Court as well as the Sixth Circuit. As such, it is not grounds for an ineffective assistance of counsel claim.

Petitioner's responses to the Court's questions established that he was fully aware of the penalties he was facing and the charges to which he was pleading guilty. Petitioner also attested to the fact that he was satisfied with his counsel's service. As such, Petitioner entered into his plea agreement freely, intelligently, and voluntarily, and is not entitled to relief under 28 U.S.C. § 2255. Accordingly,

IT IS HEREBY ORDERED that Petitioner's Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 **[Case No. 02-80616, Docket No. 76, filed April 20, 2006 and Case No. 06-11866, Docket No. 1, filed April 21, 2006]** is DENIED.

/s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: July 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager